IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK, a Mississippi**
**banking corporation,**

    Plaintiff,

vs.                                CASE NO. 5:11-cv-132 /RS-EMT

**BOYD BROTHERS, INC., a Florida**
**corporation, et al.,**

    Defendants,

_____/

## ORDER

Before me are the Plaintiff's Motion to Dismiss Counterclaim (Doc. 31) and Defendants' Brief in Opposition (Doc. 39).

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

**Analysis**

Defendants have three remaining counts in their counterclaim—for Recission, Punitive Damages, and Attorneys' Fees and Costs.[1]

"It is undisputed that the absence of a remedy at law is a required element of the rescission action." *Anchor Bank, S.S.B. v. Conrardy*, 763 So. 2d 360, 361 (Fla. 4th DCA 1998). *See also Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965). Here, Defendants allege that Plaintiff fraudulently induced and/or used coercion and duress to force Defendants to execute certain lending agreements. Because this case is entirely about money, damages are the appropriate remedy.

A claim for punitive damages is not, by itself, a cause of action. *See Antoine v. State Farm Mut. Auto. Ins. Co.*, 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009). Rather, punitive damages are a remedy which may be sought for intentional misconduct or gross negligence. FLA. STAT. § 768.72.

Defendant's final claim is for attorney fees under Fla. Stat. § 58.105(7), which allows for the collection of fees where the contract contains a provision. Here, the promissory notes provide the following:

> ATTORNEYS' FEE; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrowor will pay Lender the amount of these costs and expenses, which includes . . . reasonable attorneys' fees and Lenders' legal expenses. . ." (Doc. 1, p. 5).

---

[1] Defendants dismissed their claim for conversion. (*See* Doc. 35).

I do not read this provision to create any rights for the borrower to collect attorneys' fees.

The Motion to Dismiss Counterclaim (Doc. 31) is **GRANTED**. The counterclaims against Plaintiff are dismissed with prejudice.

**ORDERED** on September 9, 2011.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**