IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK, a Mississippi
banking corporation,**

    **Plaintiff,**

vs.                                                     CASE NO. 5:11-cv-132/RS-EMT

**JAMES A. BOYD, JR. and
CECELIA R. BOYD,**

    **Defendants.**

_____/

## ORDER

Before me are Plaintiff's Motion for Summary Final Judgment (Doc. 45), Defendants' Response in Opposition (Doc. 54), and Supplemental Response (Doc. 64).

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether

the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Analysis

**Plaintiff's Claims**

It is undisputed that Defendants and Plaintiffs entered into several loan agreements in which Defendants borrowed $925,265.00. (Doc. 29, ¶7). Defendants admit that they borrowed the funds under the original instrument, executed a first renewed promissory note on September 10, 2009, a second renewed promissory note on September 3, 2009, and a short term maturity extension agreement on September 17, 2010. *Id.* ¶¶7-12. Defendants contend that each of these agreements "is the best evidence of its contents." *Id.*

Defendants have failed to perform their obligations under the most recent agreement, the short term maturity extension agreement ("Extension Agreement"). (Doc.

47, Attach. 3, Exhibit 6). The Extension Agreement matured on March 31, 2011, without Defendants repaying the outstanding principal and accrued interest. (*See* Doc. 47).

Defendants contend that summary judgment is inappropriate because Plaintiff has "offered nothing more than inadmissible hearsay to prove its allegations." (Doc. 64, p. 3). The loan agreements are clear, and they are admissible. Plaintiff's vice president is qualified to make statements regarding the payment history and default status of the loan. This information is likewise admissible.

Defendants also contend that the named defendant Cecelia R. Boyd is an improper party. The loan documents refer to Cecilia R. Boyd. The named defendant reflects a clear misspelling and can be corrected upon motion. Ms. Boyd, regardless of the spelling of her first name, has appeared. Her affidavit indicates that the correct spelling is Cecilia, and this spelling matches the loan documents. (*See* Doc. 63).

Unless Defendants have valid defenses, summary judgment is appropriate because there are no genuine issues concerning the formation of the loan agreement, and the default under the agreement's terms.

**Affirmative Defenses**

The first affirmative defenses, waiver and estoppel, is meritless. Defendants claim that Plaintiff made representations that they would make future renewals of the promissory note. However, the terms of the Extension Agreement (Doc. 47, Attach. 3, Exhibit 6) state the following: "You agree that we do not have any obligation to enter into any subsequent agreements to further extend the Loan's maturity date or otherwise

modify, amend, renew or refinance the Loan." *Id*. The terms could not be clearer. And, the parole evidence rule precludes consideration of oral agreements which contradict the terms of this valid contract. *Solary v. Webster*, 35 Fla. 363, 373 (Fla. 1895); F*ederal Deposit Ins. Corp. v. Hemmerle*, 592 So. 2d 1110, 1113-1114 (Fla. 4th DCA. 1991).

The second affirmative defense, commercial impracticability, is meritless. The doctrine of commercial impracticability provides that "where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary." *Seitz v. Mark-O-Lite Sign Contractors,* 210 N.J. Super. 646, 65, 510 A.2d 319, 322 (Law Div. 1986) (*citing* RESTAT. 2D OF CONTRACTS, § 261). Quite simply, the BP oil spill, and knowledge by Plaintiff that Defendants would have difficulty repaying the debt do not excuse nonperformance.

The third and ninth affirmative defenses, no meeting of the minds, are without merit. The agreement speaks for itself. "In an action based upon a contract, the admitted contract . . . so often speaks so conclusively on the material facts as to leave no doubt that there are no genuine issues of any material fact to be determined." *Rivaux v. Florida Power & Light Co.*, 78 So. 2d 714, 716 (Fla. 1955). Here, the Extension Agreement is unambiguous and any terms which do not appear in the agreement concerning other contingencies are not to be considered.

The fourth affirmative defense, mutual departure, is without merit. Mutual departure is not a recognized defense in Florida. In addition, the terms of the Extension

Agreement (Doc. 47, Attach. 3, Exhibit 6) undermine Defendants' allegation that a course of dealings between the parties guaranteed further loan extensions. "You agree that we do not have any obligation to enter into any subsequent agreements to further extend the Loan's maturity date or otherwise modify, amend, renew or refinance the Loan." *Id*. The terms could not be clearer.

The fifth affirmative defense, duress and coercion, is also meritless. Even if true, a threat to call a promissory note to induce the execution of the Amended Loan Agreement is not actionable. The right to call a promissory note is governed by the terms of that agreement. And, exercising that right is not a form of duress. *See* AM JUR 2D *Duress and Undue Influence* § 6 ("A claim of duress cannot be based upon a party's threat to take an action that is within that party's legal right to take.").

The sixth, seventh, eighth affirmative defenses which ask for recission are without moment. "It is undisputed that the absence of a remedy at law is a required element of the rescission action." *Anchor Bank, S.S.B. v. Conrardy*, 763 So. 2d 360, 361 (Fla. 4th DCA 1998). *See also Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965). Because this case is entirely about money, damages are the appropriate remedy.

**IT IS ORDERED:**

1. The Motion for Summary Judgment (Doc. 45) is **GRANTED**.
2. Plaintiff shall move the court to correct the Defendant's name, if appropriate.

3.  Plaintiff shall submit the current balance of the loan with principal, accrued interest, and daily accrued interest rate.  The clerk will then enter judgment in favor of Plaintiff in that amount.

4.  The case shall remain open pending resolution of these matters.

**ORDERED** on October 25, 2011.

                                    /S/ Richard Smoak  
                                    **RICHARD SMOAK**  
                                    **UNITED STATES DISTRICT JUDGE**