UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK, a
Mississippi banking corporation,**

    **Plaintiff,**

vs.                              Case No.: 5:11-cv-00132-RS-EMT

**JAMES A. BOYD, JR. and
CECELIA R. BOYD,**

    **Defendants.**

---

**FINAL JUDGMENT**

I have previously granted Plaintiff's Motion for Summary Final Judgment (*See* Doc. 66). Final Judgment in favor of the Plaintiff is as follows:

1.    Defendants, JAMES A. BOYD, JR., and CECILIA R. BOYD[1] are indebted, jointly and severally, to the Plaintiff, HANCOCK BANK, for the following sums:

        i.  PRINCIPAL                        $929,135.94

---

[1] Although Plaintiff inadvertently misspelled Mrs. Boyd's name in the Complaint and above-styled caption as "Cecelia," the loan documents attached to the Complaint were executed by Cecilia R. Boyd. Where there is a conflict between the allegations in the Complaint and the exhibits attached to the same, the latter control. *See Crenshaw v. Lister*, 556 F. 3d 1283, 1292 (11th Cir. 2009). Accordingly, the inadvertent misspelling of Mrs. Boyd's name does not affect the validity of this Final Judgment because the subject promissory notes were executed by Cecilia R. Boyd who is properly before this Court.

      ii.  INTEREST                                        $34,455.46

      iii.  **TOTAL AMOUNT OWED**      **$963,591.40**

2. Plaintiff, HANCOCK BANK, 2510 14th Street, Gulfport, Mississippi 35901, shall have a judgment in the amount of **$963,591.40** against Defendants, JAMES A BOYD, JR. and CECILIA R. BOYD, whose last known address is 206 S. Harris Avenue Panama City, Florida, 32401, jointly and severally, FOR ALL OF WHICH LET EXECUTION ISSUE.

3. Plaintiff, HANCOCK BANK, shall be entitled to recover post-judgment interest at the legal rate established by 28 U.S.C. § 1961 from the date of the judgment until paid.

4. Plaintiff, HANCOCK BANK, shall be entitled to recover its reasonable attorney's fees and costs incurred in the prosecution of this action, pursuant to the terms and conditions of the subject loan documents attached to the Complaint.  This Court retains jurisdiction over this matter for the purpose of determining a reasonable amount of attorney's fees and costs to award to Plaintiff as the prevailing party in this action.

3

**ORDERED** on November 14, 2011.

        /S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**